# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NANCY SPILLAR, | ) |
| | ) |
|     PLAINTIFF, | ) |
| | ) |
| vs. | )   CASE NO. 10-CV-574-FHM |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
|     DEFENDANT. | ) |

## OPINION AND ORDER

Plaintiff, Nancy Spillar, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3) the parties have consented to proceed before a United States Magistrate Judge.

The role of the Court in reviewing the decision of the Commissioner under 42 U.S.C. §405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Doyal v. Barnhart*, 331 F.3d 758 (10th Cir.

---

[1] Plaintiff's December 18, 2006 application for Disability Insurance benefits was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) was held January 6, 2009. By decision dated March 12, 2009, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied review of the findings of the ALJ on July 13, 2010. The action of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

2003). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

Plaintiff was 53 years old at the time of the hearing. [R. 35]. She claims to have been unable to work since August 1, 2007, due to back pain, depression, anxiety, Crohn's disease and arthritis. [Plaintiff's Memorandum Brief, Dkt. 18, p. 1].

The ALJ determined that Plaintiff has severe impairments consisting of degenerative disk disease, degenerative joint disease, Crohn's disease, depression and anxiety. [R. 13]. Despite these impairments, the ALJ found that Plaintiff retains the residual functional capacity (RFC) to perform the full range of sedentary work. [R.16]. He determined that Plaintiff's RFC precluded returning to her past relevant work (PRW) as a counter cashier, assistant manager for restaurant, manager for fast food restaurant, apartment cleaning, truck driver and assembler. [R. 28-29]. Based upon the testimony of a Vocational Expert (VE), the ALJ concluded that there are jobs existing in significant numbers in the national economy that Plaintiff could perform with this RFC and that Plaintiff is therefore not disabled as defined by the Social Security Act. [R. 29]. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (describing the five steps); *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts the following allegations of error: 1) the ALJ failed to properly consider the medical source opinions; 2) the ALJ's finding regarding the claimant's credibility is not supported by substantial evidence; 3) the ALJ's RFC assessment is legally inconsistent and not supported by substantial evidence; and 4) the ALJ's vocational findings are not supported by substantial evidence. [Dkt. 18, p. 5].

After review of the record and the ALJ's decision, the Court concludes the ALJ did not properly evaluate Plaintiff's credibility and RFC in light of the mental impairments he determined were severe at steps two and three of the evaluative sequence. For that reason, the Court finds this case must be reversed and remanded to the Commissioner for reconsideration.[2]

At step one, the ALJ determined Plaintiff has not engaged in substantial gainful activity since August 1, 2007, the alleged onset date. [R. 13]. At step two, the ALJ found Plaintiff's mental impairments, depression and anxiety, are severe impairments because they have more than a minimal effect on Plaintiff's ability to perform basic work activities. [R. 13].

At step three, where the ALJ considered whether Plaintiff's impairments met a listing,[3] the ALJ assessed limitations identified in the "paragraph B" criteria as: "mild

---

[2] Because this case is remanded for reconsideration and explanation of the impact that Plaintiff's severe mental impairment has on Plaintiff's RFC, only the medical records relating to Plaintiff's mental health care and the ALJ's treatment of that evidence are discussed in this opinion and order.

[3] The listings set out at 20 CFR pt. 404, subpt. P, App. 1 (pt. A) (1989), are descriptions of various physical and mental illnesses and abnormalities, most of which are categorized by the body system they affect. Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

restriction" in activities of daily living; "moderate difficulties" in social functioning; "mild difficulties" in concentration, persistence or pace; and "no evidence" of any episodes of decompensation of extended duration. [R. 15-16]. He concluded that Plaintiff's impairments did not meet either the "B" or "C" criteria of the listings.

The ALJ followed these findings with a summarization of the medical evidence and Plaintiff's testimony. [R. 16-28]. The ALJ discussed the F&CS records in some detail and acknowledged that the record contained a variety of medical, psychological and social work records. [R. 24]. As he had during his questioning of the Plaintiff during the hearing, the ALJ paid particular attention to a three-month period of time when Plaintiff failed to take her medication as prescribed and refused to answer the door when COPES[4] came to her apartment after her neighbors called and reported that Plaintiff was screaming and yelling inside her apartment. [R. 69-73, 824-832]. During his reading of the treatment records, he apparently concluded that COPES offered Plaintiff transportation to medical appointments and pharmacies for refills of her medications and so he discredited Plaintiff's testimony that she had no means of transportation to the new clinic location for treatment and medication refills. Based upon this conclusion, the ALJ stated the following:

> I cannot, therefore, credit Ms. Spillar with the degree of psychological limitation she now urges is attributable to her psychological impairments because she has failed to

---

[4] Community Outreach Psychiatric Emergency Services (COPES) is offered by Family & Children's Services (F&CS), a mental health treatment facility, as a 24/7 telephone and mobile psychiatric crisis intervention. The COPES team is often called by family members, friends, neighbors, law enforcement officials and social service agencies to assess the level of risk and to stabilize a crisis by phone or, if necessary, to travel to provide on-site assessment, stabilization and intervention. *See* http://www.fcsok.org.

> cooperate with her treatment provider. See, 20 C.F.R. 404.1530.
>
> I find, therefore, based on the evidence of her physical impairments that Ms. Spillar is limited, physically, as described above, to-wit: a full range of sedentary work.

[R. 25].

This language suggests the ALJ completely discredited Plaintiff's testimony regarding the severity of her mental limitations for the entire relevant period, including the three month period of time that Plaintiff was not taking her medications as prescribed. The Court finds such treatment of Plaintiff's credibility troublesome in two respects. First, Plaintiff's testimony that she had no means of transportation to go to the newly assigned treatment center for counseling and prescription refills does not conflict with the records from the Family and Children's Services crisis intervention team (COPES). Second, in order to deny benefits under the regulation cited by the ALJ, 20 C.F.R. § 404.1530, the ALJ must make the findings necessary to deny the claim on the basis of claimant's noncompliance with prescribed treatment. *See Frey v. Bowen*, 816 F.2d 508, 517 (10th Cir. 1987) (four-part test required to assess claimant's failure to pursue treatment: 1) whether treatment would have restored ability to work; 2) whether treatment was prescribed; 3) whether treatment was refused; and 4) whether excuse was justified). The ALJ did not follow that procedure in this case. Therefore, the ALJ's denial of benefits based upon his apparent conclusion that none of Plaintiff's testimony regarding limitations imposed by her mental impairments was credible is not based upon substantial evidence.

5

In making the RFC assessment, an ALJ must consider how an impairment, and any related symptoms, may cause physical and mental limitations that affect what a claimant can do in a work setting. 20 C.F.R. § 404.1545(a)(1). Here, the ALJ found at steps two and three that Plaintiff has mental impairments that significantly limit her ability to perform basic work activities but he failed to include any mental limitations in Plaintiff's RFC and he failed to provide any explanation for not including any mental limitations in the RFC. Contrary to the Commissioner's argument, the ALJ's finding at step two that Plaintiff's mental impairments were severe was not clarified in his later findings that addressed the impairments individually [Dkt. 19, p. 8] because he never articulated his mental RFC findings.[5]

If the ALJ finds at step two that the claimant has mental limitations which significantly limit Plaintiff's ability to perform basic work activities, then the ALJ must include those mental limitations in Plaintiff's RFC or provide an explanation as to why the mental limitations are not included in the RFC. *See generally, Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007); *Frantz v. Astrue*, 509 F.3d 1299, 1303 (10th Cir. 2007). The ALJ did not do so here.

This case must therefore be reversed to allow the ALJ the opportunity to explain his treatment of Plaintiff's mental RFC before she discontinued her medications and decompensated. Because Plaintiff has also raised an issue in this litigation regarding

---

[5] It is clear that the ALJ did not adopt the opinion of the Disability Determination Service Psychological Consultant who concluded Plaintiff did not have a severe mental impairment because he found Plaintiff's mental impairments of depression and anxiety were severe. [R. 24]. At any rate, non-severe but medically determinable mental impairments must still be taken into account when establishing a claimant's RFC. 20 C.F.R. 404.1545(a)(2).

Plaintiff's transferable skills, upon remand the ALJ is urged to revisit his step five findings to resolve those questions.

The decision of the Commissioner finding Plaintiff not disabled is REVERSED and REMANDED to the Commissioner for further development of the record.

SO ORDERED this 20th day of October, 2011.

*[signature: Frank H. McCarthy]*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE